**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shaun N. Doss, a minor, and Robert Daniel Doss, individually, and as the parent of and on behalf of his minor child Shaun N. Doss,<br><br>    Plaintiffs,<br><br>v.<br><br>Chrysler Group, LLC, Chrysler LLC, Earnhardt's Gilbert Dodge, INC., Daimler AG, Daimler Benz AG, DaimlerChrysler AG, Cerberus Capital Management, L.P.,<br><br>    Defendants. | No. CV-09-02130-PHX-DGC<br><br>**ORDER** |

On July 31, 2008, Plaintiffs Shaun and Robert Doss filed a products liability action in the Superior Court of Maricopa County. Dkt. #1 at 2. On October 9, 2009, Defendant Chrysler Group LLC ("Chrysler Group") filed a notice of removal, asserting that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1452, 1441(a)-(b). *Id.* at 1. Plaintiffs have filed a motion to remand to state court. Dkt. #24. Chrysler Group opposes the motion and has filed a motion asking the Court to transfer this matter to the United States District Court for the Southern District of New York. Dkt. #18. No party has requested oral argument. For the reasons that follow, the Court will sever two Defendants – Earnhardt's Gilbert Dodge ("Earnhardt") and Cerberus Capital Management, L.P. ("Cerberus") – from this action and remand the claims against them to state court. The Court will deny Plaintiffs' motion to remand with respect to the remaining Defendants and grant Chrysler Group's motion to

1 | transfer.[1]

## I. Background.

### A. The products liability action.

In May of 2007, Plaintiffs were involved in an automobile accident in a 2005 Dodge Durango, which caused substantial injuries to Shaun Doss. Dkt. #24 at 2.[2] Plaintiffs filed the present products liability action in July of 2008 and named Chrysler LLC (the company that allegedly manufactured the Dodge Durango) and Earnhardt (the dealership that allegedly sold the Dodge Durango) as Defendants. *Id.* In February of 2009, Plaintiffs amended their complaint to add Daimler AG, Daimler-Benz AG, DaimlerChrysler AG (collectively "the Daimler Defendants"), and Cerberus as Defendants. Dkt. #18 at 2. Plaintiffs have never served the Daimler Defendants, and the 120-day period for service under Rule 4(m) of the Federal Rules of Civil procedure has long since passed. Cerberus is a Delaware corporation that owns Chrysler LLC. Dkt. #6-2 at 4. On March 9, 2009, Cerberus filed an answer. Dkt. #1-5 at 69-75.

On April 30, 2009, Chrysler LLC filed for Chapter 11 bankruptcy protection, and later was sold in a bankruptcy sale to Fiat. Dkt. #24 at 2. Because Chrysler LLC is in bankruptcy, an automatic stay was issued and Plaintiffs could not take any action involving Chrysler LLC in this litigation without leave of court. *Id.* In June of 2009, Plaintiffs filed a motion to sever Chrysler LLC from this action so they could proceed to trial against the other parties. *Id.* at 3. Plaintiffs also filed a motion to amend the complaint to dismiss Chrysler LLC and

---

[1] Plaintiffs state that before Chrysler Group removed this matter to federal court they informed Chrysler's counsel and the Superior Court that they were preparing a motion or stipulation to dismiss all parties from this case other than Earnhardt. Dkt. #24 at 1 n.1. Plaintiffs state, therefore, that they are "troubled" by the removal. *Id.* If Plaintiffs intended to dismiss the other parties, however, they easily could have done so in this Court and sought remand of the case against Earnhardt. They have not done so. To the contrary, Plaintiffs suggest in their papers that they seek recovery against Chrysler Group and Cerberus. *See*, *e.g.*, Dkt. #24 at 7. The Court therefore must rule on the pending motions.

[2] Citations to pages in the parties' filings will be to the page numbers applied by the Court's electronic docket at the top of each page.

- 2 -

to add Chrysler Group as a defendant. *Id.* The state court granted Plaintiffs' motion to add Chrysler Group as a defendant, and Chrysler Group removed the entire action to this Court. Chrysler LLC remains a party in this action, along with Chrysler Group, Cerberus, and the Daimler Defendants. Chrysler LLC's bankruptcy is still pending in the Southern District of New York. Dkt. #27 at 9.

### B. Chrysler LLC's bankruptcy.

When Chrysler LLC was sold in the bankruptcy court, the Master Transaction Agreement that governed the sale stated that all existing tort claims against Chrysler LLC would remain in bankruptcy court. Dkt. #24 at 3. The Agreement further stated that Chrysler Group, the new corporation created to continue the business of Chrysler LLC, would not be subject to any state court lawsuits for torts that occurred before the closing date of the sale. *Id.* at 4. The bankruptcy court entered a sale order enforcing the Agreement and permanently enjoined plaintiffs from asserting tort claims against Chrysler Group. *In re Chrysler LLC*, 405 B.R. 84 (Bankr. S.D.N.Y. 2009), *aff'd.*, 576 F.3d 108 (2d Cir. 2009).

Plaintiffs participated in the bankruptcy court proceedings as members of an ad-hoc committee. The committee consisted of alleged consumer victims of Chrysler LLC. As members of the committee, Plaintiffs argued against the bankruptcy court's issuance of the sale order. Dkt. #18 at 3. When the sale was approved, the ad-hoc committee appealed the bankruptcy court's order to the Second Circuit, which affirmed the order, holding that the bankruptcy court properly authorized "the Sale free and clear of [the ad-hoc committee members'] interest in the property." *Id.* at 6. The ad-hoc committee has filed a petition for certiorari with the Supreme Court that is currently pending. *Id.* at 7.

Chrysler Group argues that because Plaintiffs lost in both the bankruptcy court and the Second Circuit, they now want an Arizona state court to hear their case in the hope that the state court will refuse to enforce the bankruptcy court's sale order which shelters Chrysler Group from liability. *See* Dkt. #27 at 3-4. Plaintiffs do not dispute this assertion. To the contrary, they repeatedly assert in their papers that the bankruptcy court order was wrong and that Arizona law will permit them to recover against Chrysler Group. *See* Dkt. #24 at 4;

Dkt. #28 at 4-5.

Chrysler Group removed Plaintiffs' case to this Court and filed a motion to transfer the case to the Southern District of New York for referral to the bankruptcy court that issued the sale order and injunction. Dkt. #18. Plaintiffs oppose Chrysler Group's removal and seek remand. Dkt. #24. The question before this Court is whether it has jurisdiction and, if so, whether it should remand the case to state court or transfer it to New York.[3]

**II.     Removal jurisdiction.**

Pursuant to the removal statute, 28 U.S.C. § 1441, any civil action brought in state court over which the federal district courts have original jurisdiction may be removed to the federal district court for the district where the action is pending. 28 U.S.C. § 1441(a). Courts strictly construe the statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Chrysler Group bears the burden of establishing that removal is proper.

In its notice of removal, Chrysler Group gave three separate grounds for removal of the state action: (1) it arises in or is related to a Title 11 bankruptcy case, (2) it is founded on claims or rights arising under the laws of the United States, and (3) it is a "core" proceeding. Dkt. #1 at 7-12. Plaintiffs dispute each of these grounds for removal. The Court concludes that removal is proper because the action is related to a Title 11 bankruptcy case.

Under 28 U.S.C. § 1334(b), the federal courts have jurisdiction over any state action that is "related to" a Title 11 case. In determining whether "related to" jurisdiction exists, the Ninth Circuit uses the test adopted by the Third Circuit in *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984): "The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *See Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.6 (1995) (citing *In re Fietz*, 852 F.2d 455, 457 (9th

---

[3] Plaintiffs specifically contend that the "legal issue which needs to be resolved here is whether or not under Arizona law a defendant-successor corporation can be held liable despite the predecessor corporation's filing of bankruptcy." Dkt. #24 at 5. The Court disagrees. The only issues before the Court are whether to remand and whether to transfer.

Cir. 1988) (stating that the Ninth Circuit "adopt[ed] the *Pacor* definition")).[4]

As this case presently is framed, Plaintiffs assert claims against Chrysler LLC, the debtor in the bankruptcy pending in the Southern District of New York. Plaintiffs also assert claims against Chrysler Group, the successor entity authorized by the bankruptcy court to acquire the asserts of Chrysler LLC free of preexisting liabilities. Plaintiffs openly challenge the effectiveness of the sale order entered by the bankruptcy court, seek to establish liability prohibited by the order, and seek to pursue a claim in contravention of an injunction entered by the bankruptcy court. By seeking to hold both the debtor and successor liable and to upset the fully litigated resolution of the debtor's bankruptcy estate, Plaintiffs' claims clearly satisfy the Ninth Circuit test for "related to" jurisdiction – the claims "could conceivably have an[] effect on the estate being administered in bankruptcy." *Pacor*, 743 F.2d at 994.

**III. Severance.**

Under Rule 21 of the Federal Rules of Civil Procedure, a trial court has authority to sever parties or claims from an action *sua sponte*. Fed. R. Civ. P. 21; *see Official Comm. of Unsecured Creditors v. Shapiro*, 190 F.R.D. 352, 355 (E.D. Pa. 2000). In determining whether to order severance, the Court has broad authority. *See Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994) (stating that "[t]he trial court has broad discretion to sever issues"); *Williams v. Felker*, 2006 WL 495994, at *1 (E.D. Cal. March 1, 2006) (stating that under Rule 21, "courts have broad discretion regarding severance"); *see also* 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1689 (3d ed. 2009) ("Questions of severance are addressed to the broad discretion of the district court."). Fairness, including the possibility of prejudice in the absence of severance, is a critical consideration in determining whether severance is appropriate. *Pena v. McArthur*, 889 F.Supp. 403, 407 (E.D. Cal. 1994).

Failure to sever the non-Chrysler parties would cause substantial prejudice to them.

---

[4] Plaintiffs assert that the standard used by the Seventh Circuit should apply. Dkt. #24 at 7. But Plaintiffs cite no authority showing that the Ninth Circuit follows this standard.

Cerberus and Earnhardt were involuntarily removed to this Court, and it would be unfair to force them to litigate in the Southern District of New York based on a bankruptcy proceeding to which they have no connection. On the other hand, Chrysler LLC and Chrysler Group are already involved in the New York bankruptcy proceedings and have litigated several issues important to this case there and in the Second Circuit. It would be unfair to force them to relitigate those issues in Arizona. Plaintiffs have already submitted themselves to the jurisdiction of the bankruptcy court by litigating there and in the Second Circuit, so requiring them to pursue their claims against the Chrysler entities in the New York bankruptcy court would not be unfair. Given these considerations, the Court finds that fairness dictates that Cerberus and Earnhardt be severed from this proceeding.

**IV. Motion to remand.**

Plaintiffs argue that even if this Court has jurisdiction over the present litigation, the case should be remanded (1) as to Earnhardt, Cerberus, and Chrysler Group because of a lack of subject matter jurisdiction and mandatory abstention, and (2) as to all Defendants on the basis of equitable remand and permissive abstention. Dkt. #24. Given that Earnhardt and Cerberus will be severed from the action and the claims against them remanded, the Court will consider Plaintiffs' arguments only as to the remaining Defendants.

**A. Lack of subject matter jurisdiction and mandatory abstention.**

Plaintiffs argue that the Court lacks subject matter jurisdiction over this case and should remand it under 28 U.S.C. § 1447(c). As discussed above, the Court has jurisdiction under 28 U.S.C. § 1334(b).

Plaintiffs also argue that the Court should remand based on mandatory abstention. *See* 28 U.S.C. § 1334(c)(2). The Court disagrees that abstention principles apply in this case. Mandatory abstention "'can exist only where there is a parallel proceeding in state court.'" *In re Washington Mut., Inc. Sec., Derivative & ERISA Litig.*, 2009 WL 3711614 (W.D. Wash. 2009) (quoting *Sec. Farms v. Int'l Bhd. Of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1009 (9th Cir. 1997)). In this case, there is no parallel proceeding in state court because the entire case was removed to this Court. *See Sec. Farms*, 124 F.3d

1 at 1010 n.10. As a result, if the "'Court were to abstain, nothing would happen because there is only one lawsuit. What movant really seeks is remand.'" *Id.* (quoting *In re Duval County Ranch Co.*, 167 B.R. 848, 849 (Bankr. S.D. Tex. 1994)) (ellipses in original).

### B. Permissive abstention and equitable remand.

Plaintiffs assert that the Court should remand the case in its entirety on the grounds of equitable remand and permissive abstention. Dkt. #24. The Court disagrees. Permissive abstention is inapplicable for the same reason that mandatory abstention is inapplicable. *See Security Farms*, 124 F.3d at 1009.

Under 28 U.S.C. § 1452(b), the district court may remand a claim related to a bankruptcy case "on any equitable ground." The decision is within the discretion of the district court. 28 U.S.C. § 1452(b) (stating that the court "may remand"). Generally, in determining whether equitable remand is appropriate, courts consider, among other things, whether remand would prevent uneconomical use of judicial resources, what effect remand would have on the administration of the bankruptcy estate, whether the case involves questions of state law better addressed by state court, comity, prejudice to involuntarily removed parties, whether remand will lessen the possibility of inconsistent results, and the expertise of the court in which the action originated. *See, e.g., Transamerica Fin. Life Ins. Co. v. Merrill Lynch & Co.*, 302 B.R. 620, 628-69 (Bankr. N.D. Iowa 2003); *River Cement Co. v. Bangert Bros. Const. Co.*, 852 F. Supp. 25, 27 (D. Colo. 1994); *In re Riverside Nursing Home*, 144 B.R. 951, 957 (S.D.N.Y. 1992).

Plaintiffs argue that remand of the claims against Chrysler Group is proper for a variety of reasons, none of which is persuasive. As noted above, resolution of the pending case could affect the bankruptcy estate. Moreover, the bankruptcy court has already rejected Plaintiffs' claim that they are entitled to recover from Chrysler Group under a theory of successor liability, as has the Second Circuit. Having had a full and fair opportunity to litigate these issues before courts with expertise and a full understanding of the implications of the Chrysler bankruptcy, Plaintiffs cannot equitably claim that they should be permitted to relitigate those issue in a distant state forum in the hope of achieving a different result.

1  Equitable remand is not appropriate in this case.

2  **V.     Transfer of venue.**

3         Chrysler Group has moved to transfer this matter to the Southern District of New
4  York under 28 U.S.C. § 1412. Dkt. #18 at 1. Under 28 U.S.C. § 1412, a district court "may
5  transfer a case or proceeding under Title 11 to a district court for another district in the
6  interest of justice or for the convenience of the parties." As discussed above, the present case
7  is "related to" a Title 11 proceeding, but the Court has not held that it arises under Title 11.
8  Courts are split on whether a district court can use § 1412 to transfer a case that is merely
9  "related to" rather than "arising under." *See Dunlap v. Friedman's, Inc.*, 331 B.R. 674, 677
10 (S.D. W.Va. 2005) (citing 11 cases holding one way and 10 holding the other). Given that
11 this issue has not been briefed by the parties and the Court has found no authority indicating
12 how the Ninth Circuit would interpret 28 U.S.C. § 1412, the Court will not transfer the case
13 under that statute.

14         The Court will, however, transfer this matter *sua sponte* under 28 U.S.C. § 1404. *See*
15 *Wash. Pub. Utils. Group v. U.S. Dist. Court for the W. Dist. of Wash.*, 843 F.2d 319, 326 (9th
16 Cir. 1987). "For the convenience of the parties and witnesses, in the interest of justice, a
17 district court may transfer any civil action to any other district or division where it might
18 have been brought." 28 U.S.C. § 1404(a). Each element of the statute is satisfied.

19         First, the convenience of the parties calls for this case to be transferred to New York.
20 Plaintiffs already have litigated in New York the very issues they seek to litigate against the
21 Chrysler Defendants here. *See Impra Inc. v. Quinton Instruments Co.*, 17 USPQ2d 1890,
22 1891 (D. Ariz. 1990). Requiring the Chrysler Defendants to relitigate those issues in Arizona
23 would be highly inconvenient, while requiring Plaintiffs to make their assertions in a New
24 York court where they already have chosen to litigate would not impose undue
25 inconvenience.

26         Second, the interests of justice call for transfer. Plaintiffs and the Chrysler Defendants
27 are involved in the New York bankruptcy court. In general, "cases should be transferred to
28 districts where related actions are pending." *Impra Inc.*, 17 USPQ2d at 1892. Moreover,

retaining the case here so that Plaintiffs can relitigate issues already decided by the New York courts would be inefficient, duplicative, and could produce inconsistent results, all of which are contrary to the interests of justice.

Finally, this case could have been brought in the Southern District of New York because federal jurisdiction exists under 28 U.S.C. § 1334(b).

Because all of the requirements of § 1404(a) are satisfied, the Court will transfer this case to the New York court.[5]

**IT IS ORDERED:**

1. Earnhardt's Gilbert Dodge and Cerberus Capital Management, L.P. are **severed** from this case.
2. Plaintiffs' motion to remand (Dkt. #24) is **granted** with respect to Earnhardt's Gilbert Dodge and Cerberus Capital Management, L.P.
3. Plaintiffs' motion to remand (Dkt. #24) is **denied** as to Chrysler LLC, Chrysler Group, Daimler AG, Daimler-Benz AG, and DaimlerChrysler AG.
4. Chrysler Group's motion to transfer (Dkt. #18) is **granted** as to Chrysler LLC, Chrysler Group, Daimler AG, Daimler-Benz AG, and DaimlerChrysler AG.
5. The Clerk is directed to transfer this action, which after severance includes claims against Chrysler LLC, Chrysler Group, Daimler AG, Daimler-Benz AG, and DaimlerChrysler AG, to the United States District Court for the Southern District of New York.

---

[5] Plaintiffs do not discuss the Daimler Defendants in their filings, and the claims against them appear to have been abandoned in light of Plaintiffs' failure to serve them within the time required by Rule 4(m). Because the Daimler Defendants technically remain in this case and they are related to the Chrysler entities, the claims against them will be transferred.

DATED this 7th day of December, 2009.

_____
David G. Campbell
United States District Judge